## STRONG V. BARLOW.

One who is indebted to an absconding debtor, being served with a foreign attachment, cannot be admitted to defend in the action, or to appear and prevent a continuance without express authority from the defendant.

ERROR from the Court of Common Pleas. Barlow brought his action against Strong, by foreign attachment; who not being an inhabitant of this state, it was served upon one Jabez Barlow, as his attorney, factor, agent and trustee, to secure the effects of a debt due from him to Strong.— By the statute respecting absconding debtors, it is enacted — " That such attorney, factor, agent, or trustee, upon his desire, shall be admitted to defend his principal in such suit, through the course of law, according to the nature of the action. But if the debtor be not in this state, and no attorney, factor, agent, or trustee, appear to defend in the suit, the action shall be continued to the next court," etc.

Upon the authority of this statute, said Jabez Barlow appeared at court, and in his own behalf, pleaded to the action; upon which, judgment was the first term, rendered against Strong, without his knowledge, or having had any notice of the suit.

Upon the writ of error, two points were contended: —

1. That Jabez Barlow, being only a debtor to Strong, and not intrusted with his property or concerns, was not authorized to appear and defend in the action; — and therefore, the cause ought to have been continued, that the defendant might receive notice of the suit.

2. That the appearance of Barlow was not in the character of attorney or agent, but in his own name; — therefore, it could not preclude Strong from the right to a continuance, and an opportunity to make his defense.

Judgment of the Court of Common Pleas reversed.

Strong v. Barlow.

By the COURT.   The defendant in the original action was not an inhabitant of this state, nor within the state at the time of serving the writ, nor afterwards, before the judgment was rendered, and had no notice of the suit; — therefore, the action ought to have been continued to the next term, agreeably to the provision of the statute in that case provided.   And the appearance of Jabez Barlow, in the manner that he did, could not take the case out of the reason of that provision; for he was considered simply as a debtor to Strong, who was the defendant in the action; and it does not appear that he was ever authorized by Strong to act as his agent or attorney; nor did he plead in the name or behalf of Strong, but in his own name.— The statute respecting absent and absconding debtors, when first made, extended only to the goods and effects of such debtors, left in trust with some agent, attorney, or trustee, who was supposed to be authorized by such debtor, to transact his affairs; but the paragraph that respects persons indebted to such absconding debtor, was added on the revisal of the laws in the year 1784, and they cannot be supposed to have any authority from the defendant in such action, unless they produce it in court; and therefore ought not to be admitted to appear and defend, to prevent a continuance of the cause; otherwise, the absent party might be subjected to unreasonable demands, by a collusive appearance and defense, and the true intent of the statute, for giving time for notice, be eluded.